**UNITED STATES of America, Appellee,**

v.

**John H. PAUL, Defendant–Appellant.**

**Docket No. 97–1568.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 16, 1998.

Decided Sept. 24, 1998.

</div>

---

\* The Honorable David G. Trager, of the United States District Court for the Eastern District of

Jonathan J. Einhorn, New Haven, CT, for Appellant.

Stephen Manning, Assistant United States Attorney, District of Connecticut (John H. Durham, United States Attorney, Kari A. Pederson, Assistant United States Attorney, on brief) for Appellee.

Before: CABRANES and POOLER, Circuit Judges, and TRAGER,\* District Judge.

New York, sitting by designation.

PER CURIAM.

John H. Paul appeals from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, then-Chief Judge) convicting him,[1] after a jury trial, of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).[2] As a result of Paul's previous state convictions for assault on a police officer in 1978, robbery in the first degree in 1978, assault in the second degree in 1982, assault in the second degree in 1985, and assault on a police officer in 1991, Paul qualified as an armed career criminal pursuant to the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e), and was thus subject to a mandatory minimum prison sentence of 15 years. The district court sentenced Paul to 235 months' imprisonment, to be followed by a five-year term of supervised release.

■ On appeal, Paul challenges the sufficiency of the evidence supporting his conviction and maintains that certain of his previous convictions are too remote in time to serve as predicate convictions for the purposes of sentencing under Section 924(e). Having carefully reviewed the record in this case, we conclude that Paul's challenge to the sufficiency of the evidence is without merit. We write only to explain our conclusion that there is no temporal restriction on the convictions that may be taken into account in determining whether a defendant is an armed career criminal pursuant to Section 924(e).

First, the text of Section 924(e) itself does not impose a time limit on the convictions that are to be considered. Section 924(e) provides in pertinent part that

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years.

.     .     .     .     .

■ (2)(B) As used in this subsection, the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) ... involves conduct that presets a serious potential risk of physical injury to another ....[3]

There is no temporal restriction in the text of the statute, and we lack the authority to adopt one on our own.

Second, we are unpersuaded by Paul's argument that we should adopt a time limit analogous to that set forth in U.S.S.G. § 4A1.2, which governs the computation of a defendant's criminal history category. The Sentencing Guidelines themselves explicitly provide that the time periods for counting prior sentences under § 4A1.2 are inapplicable to the determination of whether a defendant is subject to an enhanced sentence under Section 924(e). See U.S.S.G. § 4B1.4, application note 1.[4]

---

1. Paul was previously tried and convicted for the same offense, but we reversed the conviction, on the ground that the district court had improperly refused to give a jury instruction on Paul's duress defense. *See United States v. Paul,* 110 F.3d 869 (2d Cir.1997). We assume familiarity with our earlier opinion. Paul does not challenge the district court's jury instructions in the instant case.

2. 18 U.S.C. § 922(g) provides in pertinent part that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any ... ammunition."

3. Paul argues that certain of his prior convictions should not have been counted because they resulted in sentences of only one year. This argument is without merit. The plain language of the

statute indicates that the relevant question is whether the defendant was convicted of an offense *punishable* by more than one year, not whether the defendant actually received a sentence greater than one year. Paul does not claim that any of the convictions relied upon by the government were for offenses that had maximum penalties of less than one year of imprisonment.

4. U.S.S.G. § 4B1.1, application note 1 provides in pertinent part that "[i]t is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 ... nor are the time periods for the counting of prior sentences under § 4A1.2 ... applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)".

Finally, we note that each of our sister circuits to have addressed this issue has also concluded that there is no temporal restriction on the prior convictions that may be considered for purposes of Section 924(e). *See United States v. Presley,* 52 F.3d 64, 69–70 (4th Cir.1995); *United States v. Wright,* 48 F.3d 254, 256 (7th Cir.1995); *United States v. Lujan,* 9 F.3d 890, 893 (10th Cir.1993); *United States v. Daniels,* 3 F.3d 25, 28 (1st Cir.1993); *United States v. Blankenship,* 923 F.2d 1110, 1118 (5th Cir.1991); *United States v. McConnell,* 916 F.2d 448, 449–50 (8th Cir.1990); *United States v. Preston,* 910 F.2d 81, 89 (3d Cir.1990); *United States v. Green,* 904 F.2d 654, 655–56 (11th Cir.1990); *see also United States v. Alvarez,* 972 F.2d 1000, 1006 (9th Cir.1992) (declining to adopt ten- or fifteen-year time limit).

## CONCLUSION

We have carefully considered all of Paul's arguments on appeal and conclude that they are without merit. The judgment and sentence of the district court are affirmed.