Theodore R. BLESSING,
Jr., Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 2:89CR18 (JBA), 3:97CV31 (JBA).

United States District Court,
D. Connecticut.

April 30, 1999.

Theodore R. Blessing, Jr., Bradford, PA, defendant pro se.

James G. Genco, U.S. Atty's Office, Hartford, CT, for U.S.

**RULING ON MOTION TO VACATE AND SET ASIDE CONVICTION AND RELEASE FROM CUSTODY PURSUANT TO 28 U.S.C. § 2255 [docs. # 29, # 1]**

ARTERTON, District Judge.

Theodore R. Blessing, Jr. has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his 90–page Motion to Vacate and Set Aside Conviction and Release from Custody and Memorandum of Law in Support, the *pro se* petitioner challenges his sentence asserting that: (1) the National Firearms Act, 18 U.S.C. § 921 *et. seq.,* is unconstitutional; (2) the district court did not have subject matter and/or geographical jurisdiction over petitioner's case; (3) a thirteen-year-old multiple count burglary conviction should not have been considered for sentencing enhancement under 18 U.S.C. § 924(e)(1) since it occurred more than 10 years prior to his arrest or alternatively, that it should only have been counted as a single prior offense; (4) his

civil rights were restored under Connecticut law upon his completion of parole and thus his 1976 state conviction for burglary cannot be used to trigger imposition of the sentencing enhancement provision under 18 U.S.C. § 924(e)(1); and (5) he was denied effective assistance of counsel as required under the Constitution's Sixth Amendment since his counsel failed to raise any of these arguments or submit additional information in the form of a sentencing memorandum to the judge at the time of sentencing.

## Factual Background

On April 11, 1989, Mr. Blessing pled guilty to Count One of the indictment—being a convicted felon who knowingly and willfully possessed a firearm that had been shipped in interstate commerce. *See* 18 U.S.C. § 922(g)(1). As indicated in the written plea agreement, dated April 11, 1989, "[t]his provision carries with it a maximum penalty of imprisonment not more than five years, a fine of $5,000, or both." (Ex. A–1). In addition, under the terms of the plea agreement, Mr. Blessing explicitly acknowledged that as a result of his plea and at least five prior convictions he faced an enhanced sentence of a term of not less than fifteen years and a fine of $25,000 or both pursuant to the sentencing enhancement provision of 18 U.S.C. § 924(e)(1). In light of the petitioner's plea, the Government moved to dismiss Count Two of the indictment and promised to make a non-binding recommendation to the Court that Mr. Blessing be sentenced to 15 years. (*Id.* at 2) At sentencing, then District Court Judge Cabranes sentenced Mr. Blessing to 240 months imprisonment. Mr. Blessing never directly appealed his sentence and filed this § 2255 motion approximately eight years after his sentencing.

## Discussion

 Before considering the merits of petitioner's substantive claims, the Court must determine whether the petitioner's motion is properly before this Court. A § 2255 petition may not be used as a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). As a general rule, if a petitioner fails to raise an issue on direct appeal, "and subsequently endeavors to litigate the issue via a § 2255," he must make a showing of both cause for failing to raise the issue, and prejudice resulting therefrom. *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995).

 In this case, petitioner never appealed his conviction or sentence. Therefore, under these circumstances, petitioner's challenges to his sentence are procedurally barred unless he can demonstrate both cause for his failure to raise the claims on direct appeal and prejudice resulting therefrom. *See United States v. Pipitone*, 67 F.3d at 38. Although ineffective assistance of counsel can represent cause, there is no showing on this record that the petitioner could not have pursued an appeal *pro se*, as he is currently doing or that he ever requested his counsel to appeal his sentence. Mr. Blessing does not explain how his counsel was ineffective in the context of his failure to bring a direct appeal. Moreover, even if the petition was construed as alleging ineffective assistance of counsel as causing his failure to raise these challenges on direct appeal,[1] petitioner is nonetheless still not entitled to any relief since he fails to demonstrate prejudice therefrom as required under *Pipitone*. Therefore, the Court finds petitioner has failed to demonstrate cause and prejudice for his failure to bring these challenges to his sentence on direct appeal and that all of his claims, with the exception of his ineffective assistance of counsel claim, are procedurally defaulted.

---

1. Petitioner asserts that he has shown "explicit cause and prejudice throughout his motion, as to why this Court should grant his petition," namely, that "cause and prejudice were due to his counsel's ineffectiveness throughout the court proceedings." (Pet'r Reply at 4).

However, the Court does not find that petitioner's failure to raise his ineffective assistance of counsel claim on direct appeal is necessarily subject to the cause and prejudice requirements in light of the Second Circuit precedent establishing that such failure *only* raises a procedural bar where: 1) the petitioner was represented by new appellate counsel on direct appeal, and 2) the ineffective assistance claim is based solely on the record developed at trial. *See Billy–Eko v. United States*, 8 F.3d 111, 114–15 (2d Cir.1993). In this case, even though petitioner's claim of ineffective assistance of counsel is limited to the record established at his sentencing, he never filed any appeal with respect to his conviction or sentence. Therefore, petitioner was never represented by different counsel in a prior direct or collateral attack on his sentence. Although it is not clear whether the *Billy–Eko* exception applies where no appeal has been taken or whether such failure to bring any appeal resurrects the cause and prejudice standard, the Court accepts *arguendo* for purposes of considering this petition that petitioner's failure to raise his ineffectiveness claim on direct review does not pose a procedural bar in light of the Second Circuit's "baseline aversion to resolving ineffectiveness claims on direct review" and "preference for hearing ineffectiveness claims on collateral review." *United States v. Salameh*, 152 F.3d 88, 159, n. 27 (2d Cir.1998).

Even if there is no procedural bar to his claim of ineffective assistance of counsel, he is only entitled to relief if he can show that his counsel's errors caused prejudice to him. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Government's assertion that Blessing's claim of attorney incompetence is inconsistent with his prior acknowledgment of complete satisfaction with his attorney's performance in his plea agreement, is misplaced since Mr. Blessing's claims arise from post-plea events, namely his attorney's performance during sentencing. Therefore, the Court has also considered the merits of petitioner's ineffective assistance of counsel claim. As the Supreme Court has explained, an ineffective assistance of counsel claim:

> has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.... Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To determine whether counsel's conduct was deficient, courts must assess the "reasonableness" of counsel's actions. *See id.* at 690, 104 S.Ct. 2052. The petitioner must identify acts or omissions that "were outside the range of professionally competent assistance." *Id.* Courts should also be mindful that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Petitioner alleges several deficiencies in his counsel's performance throughout his sentencing. Mr. Blessing's first two claims that his counsel failed to argue that this Court lacked jurisdiction to impose any sentence upon him under the federal criminal statute, and that the National Firearms Act is unconstitutional are clearly without any legal foundation. *See, e.g.,* 18 U.S.C. § 3231 (district courts "have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States"); *United States v. Garcia*, 94 F.3d 57, 64 (2d Cir.1996) (upholding constitutionality of the National Firearms Act).

■ Next, Mr. Blessing alleges that his counsel failed to prepare a defense "Presentence Investigation Report" or memorandum itemizing mitigating factors to be considered by the sentencing judge. (Mot. at 72–77). The petitioner contends that his counsel failed to provide rebuttal information at sentencing, (*see id.* at 78–80), failed to investigate his client's potential claims, and was generally incompetent, (*see id.* at 81–89). However, Mr. Blessing alleges only the omission of the memorandum, not what mitigating information it should have contained and how such information would have impacted his sentence.

■ Finally, Mr. Blessing contends that his counsel specifically failed to argue that his 1976 burglary conviction should not have been counted by the sentencing court due to its age, because his civil rights had subsequently been restored, or, if counted at all, should have only been considered as a single offense. First, Mr. Blessing contends that his 1976 multiple-count burglary conviction was too old to be considered for sentencing purposes. (Mot. at 23). However, the Second Circuit has held that there is no temporal restriction on which convictions may be taken into account in determining whether a petitioner is an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See United States v. Paul,* 156 F.3d 403 (2d Cir.1998) (adopting approach used by Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits holding same).

■ Second, Mr. Blessing maintains that counsel was constitutionally ineffective in failing to argue that his June 27, 1976 conviction on multiple counts of burglary included on the "Presentencing Investigation Report" should have been considered as only one conviction for purposes of enhancement under Title 18, U.S.C. § 924(e)(1). (Mot. at 23) However, Mr. Blessing's criminal history as reflected in this record contains more than a sufficient number of qualifying offenses for the enhancement, even when counting the multiple burglary counts from June 1976 as a single offense. (*See* Presentence Investigation Report, (Ex. A–2)). Moreover, in his plea agreement signed April 11, 1989, Mr. Blessing expressly "acknowledge[d] for purposes of this plea that five of the prior offenses alleged by the Government in the 'Information Charging Prior Offenses' were lawful convictions for past conduct engaged in by him" and that "the sentencing enhancement provision … applies in this case" and as a result "the sentence must be increased to a term of imprisonment of not less than fifteen (15) years." (Ex. A–1). Given that the sentencing enhancement provision of Title 18, U.S.C. § 924(e)(1) only requires three prior felony convictions for either a "violent felony" or "serious drug offense", and Mr. Blessing's undisputed criminal record submitted in connection with this § 2255 motion demonstrates more than three such offenses and Mr. Blessing previously voluntarily acknowledged five such convictions, any claim that the enhancement by the sentencing judge was improper under 18 U.S.C. § 924(e)(1) is meritless.

■ Lastly, Mr. Blessing contends that counsel failed to argue at sentencing that his civil rights had been restored under Connecticut law "proceeding [sic] the completion of sentence and parole stemming from his June 27, 1976, State (13–Count) burglary conviction" and thus "the 13–Count conviction cannot be counted as predicate crimes" under 18 U.S.C. § 924(e)(1). (Mot. at 26, 78) In 1986, Congress amended the Gun Control Act to exclude from consideration for purposes of the Act "[a]ny conviction [that] has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." *See* 18 U.S.C. § 921(a)(20). Mr. Blessing argues that his civil rights were restored for his 1976 burglary conviction upon his successful completion of parole in 1980 and therefore this offense is exempt under the restoration exception. As the Second Circuit has explained, when evaluating a restoration claim, "the pertinent civil rights in ques-

tion are those which most states extend by virtue of citizenship within their borders: (I) the right to vote; (ii) the right to hold elective office; and (iii) the right to sit on a jury." *McGrath v. United States,* 60 F.3d 1005, 1007 (2d Cir.1995).

Mr. Blessing presents no document memorializing the fact or nature of the purported restoration of his civil rights; nor does he reference, nor has the Court's research found any statute or case law whose operation would result in the automatic restoration of his civil rights upon successful completion of his parole. Absent any showing that Mr. Blessing ever applied for and received restoration of his civil rights, there is no basis for concluding that the 1976 burglary conviction should have been excluded from consideration at sentencing. Moreover, even assuming *arguendo* that the June 27, 1976 burglary conviction should have been excluded under the civil rights restoration exception provided under 18 U.S.C. § 921(a)(20), the record indicates that Mr. Blessing had more than three qualifying convictions even without the 1976 burglary conviction. Based on the foregoing analysis, the Court finds that petitioner has failed to demonstrate how his attorney's representation was constitutionally deficient or how any of the alleged omissions prejudiced the petitioner in imposition of the sentence by the sentencing court.

**Conclusion**

In the absence of a showing of cause for failure to raise his challenges to his sentence on direct appeal, the Court finds petitioner's claims, with the exception of his claim of ineffective assistance of counsel, to be procedurally defaulted. As to petitioner's claim of ineffective assistance of counsel, if not procedurally barred, the Court finds such claim to be without merit given petitioner's failure to identify any deficiency in his counsel's performance of constitutional proportion nor any prejudice resulting from such alleged deficiency. Finally, the Court's review of the record demonstrates that Mr. Blessing's substantive claims lack merit, and do not warrant an evidentiary hearing. *See United States v. Aiello,* 900 F.2d 528, 534 (2d Cir.1990) (§ 2255 provides that a district court may dismiss a motion without a hearing where the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief).

For the foregoing reasons, petitioner's Motion to Vacate and Set Aside Conviction and Release from Custody [docs. # 29, # 1] is DENIED.

IT IS SO ORDERED.