**UNITED STATES of America,**
**Appellant,**

v.

**Joseph MEDLEY, also known as Joey, Dequincey Saunders, Defendants,**

**Kevin Bivins, Defendant–Appellee.**

**Docket No. 02–1129.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 24, 2002.

Decided: Dec. 19, 2002.

Michael A. Battle, United States Attorney for the Western District of New York (Joseph J. Karaszewski, Assistant United States Attorney, of counsel), Buffalo, NY, for Appellant.

Andrew P. Fleming, Chiacchia & Fleming, Hamburg, NY, for Defendant–Appellee.

Before: FEINBERG, SACK, Circuit Judges, and MURTHA, District Judge.*

MURTHA, District Judge.

### I. Background

On September 19, 2000, the government charged defendant-appellee Kevin Bivins in an 11–count indictment with conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count I); possession with intent to distribute and distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count II); possession with

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)(Count III); and using a communication facility to commit a drug trafficking felony in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(b)(Counts IV–XI). *See* Government's Appendix (hereinafter "GA") at 1–5.

On October 2, 2001, the government filed an information pursuant to 21 U.S.C. § 851 which stated that, in the event Bivins was convicted on Counts I or II, it would rely on his September 3, 1991 felony conviction for a violation of N.Y. Penal Law § 220.06, criminal possession of a controlled substance in the fifth degree, as a basis for the imposition of the increased punishment as provided in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B). *See* GA at 6.

On October 12, 2001, Bivins pled guilty to all 11 counts of the indictment. He and the government did not enter into either a plea or cooperation agreement. During the plea proceeding, the government outlined the minimum and maximum penalties faced by the defendant as follows:

> With regard to Count I, the minimum penalty is a term of imprisonment of 20 years, and the maximum sentence is a term of imprisonment of life, fine of $4 million or both, $100 special assessment and a supervised [sic] term of supervised release of at least ten years and up to life. With regard to Count III, the maximum term of imprisonment is 30 years, a fine of $2 million, a mandatory $100 special assessment, and a term of supervised release of at least six years. Counts IV through XI carry a maximum term of imprisonment of four years … a fine of $250,000 or both, and a mandatory $100 special assessment, a term of supervised release of up to three years.
>
> Judge, it appears from the government's calculation of the guidelines that we believe that the quantity of controlled substances involved here—I realize the Court is not bound by this, but we realize that it would be 40 kilograms of cocaine approximately and 75.2 grams of crack cocaine. The sentencing guidelines, depending on whether or not the Court were to give the defendant two or three levels for acceptance of responsibility, would be a term of imprisonment of 151 to 188 months, or a term of imprisonment of 135 to 168 months. However, Judge, there is the minimum mandatory term of imprisonment which is 20 years, so it's the government's calculation that the defendant, if he pleads guilty today, which he has, will be subject to that mandatory minimum term of 240 months in prison.

GA at 23–24.

The Presentence Investigation Report (hereinafter "PSR") of November 15, 2001, as revised on January 4, 2002, established Bivins' Base Offense Level to be 36 and his Criminal History Category to be IV. It also contained the recommendation that he receive a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). *See* GA at 36.

Before sentencing, both Bivins and the government filed objections to portions of the PSR. Bivins argued his base offense level should be 31 and his criminal history category should be III. *See* GA at 37. He also claimed an additional one level adjustment pursuant to U.S.S.G. § 3E1.1.(b) for acceptance of responsibility. *See* GA at 36. Lastly, he moved for a downward departure from the mandatory minimum sentence of imprisonment based on his extraordinary and unusual acceptance of responsibility, the age of his prior drug felony, and the fact that he "did the right thing" by pleading guilty. *See* GA at 38.

The government argued the defendant's base offense level should be calculated at 34. *See* GA at 42–43. The government

also opposed his motion for a downward departure on the ground that the district court could not sentence the defendant to a term of imprisonment less than the statutory minimum sentence of 240 months, or 20 years. The government further argued, even if the court had the discretion to depart below the statutory minimum sentence, the record did not warrant a downward departure. *See generally* GA at 45–55.

Judge Elfvin sentenced Bivins on January 11, 2002. Over the government's objection, Judge Elfvin granted Bivins' motion for downward departure, finding "the controlling categories will be offense level 31 and criminal history three." GA at 55. Without reference to the statutory minimum sentence of imprisonment of 240 months applicable to Bivins' convictions on Counts I and II, the district court sentenced the defendant to a term of imprisonment of 168 months on Counts I, II and III, and 96 months on Counts IV through XI, with all counts to be served concurrently. *See* GA 60–61, 65.

According to the judgment entered on January 17, 2002, the district court reached the total offense level of 31 by finding the defendant "qualified for a three (3)-level reduction for acceptance of responsibility pursuant to §§ 3E1.1(a) and (b)." GA at 70. In addition, the judgment also specified: "Pursuant to § 5K2.0, the Court departed below the mandatory minimum guideline range to a guideline imprisonment range of 135–168 months." GA at 71. On February 19, 2002, the government filed this appeal. GA at 72.

## II. Discussion

### A. Standard of Review

When reviewing an appeal involving a sentencing calculation, we review the dis-

trict court's factual findings for clear error, and its interpretations of the Sentencing Guidelines *de novo*. *See, e.g., United States v. Carboni,* 204 F.3d 39, 46 (2d Cir.2000).

### B. Counts I and II

On Counts I and II, the district court sentenced Bivins to, *inter alia,* a term of imprisonment of 168 months on each count, all counts to run concurrently. *See* GA at 65. As to Counts I and II, the government contends the district court erred by imposing a term of imprisonment which was less than 240–months, the applicable mandatory minimum sentence.[1] We agree.

Bivins pled guilty to Counts I and II of the indictment. He admitted to committing drug offenses involving five kilograms or more of cocaine and 50 grams or more of cocaine base. *See* GA at 36 (defendant admits offense involves "five (5) kilograms of powder cocaine"). Under 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 841(b)(1)(A)(iii), any person convicted of possessing with intent to distribute or distributing five kilograms or more of a mixture or substance containing cocaine, or 50 grams or more of a mixture or substance containing cocaine base, shall be sentenced to a term of imprisonment of not less than 10 years. Under the conspiracy count (Count I), 21 U.S.C. § 846, Bivins was subject to "the same penalties as those prescribed for the offense" set forth in 21 U.S.C. § 841. However, because of his prior felony drug offense, 21 U.S.C. § 841(b)(1)(A) mandates a minimum term of imprisonment of 20 years, or 240 months. Accordingly, the defendant was subject to a statutory mandatory minimum sentence of 20 years on Counts I and II.

---

1. The government has filed no appeal on Count III, presumably because Count III is

not subject to the 240–month mandatory minimum sentence.

As a general matter, a district court must impose a sentence consistent with the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a)(4)(A). However, 18 U.S.C. § 3553(b) and its accompanying guideline, U.S.S.G. § 5K2.0, permit a sentencing court to deviate from the Guidelines where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...."

■ It appears the district court accepted Bivins' argument that U.S.S.G. § 5K2.0 and *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), permitted it to grant defendant's motion for a downward departure from the statutory minimum sentence. *See* GA at 38. As *Koon* makes clear, under most circumstances, a district court's decision to depart from the Sentencing Guidelines is reviewed with deference. 518 U.S. at 97–98, 116 S.Ct. 2035. The district court's apparent reliance on *Koon*, however, was misplaced in that *Koon* "explore[d] the appropriate standards of appellate review of a district court's decision to depart from the Guidelines." *Id.* at 85, 116 S.Ct. 2035. *Koon* did not address cases where, as here, Congress limited the discretion of the sentencing court by requiring the imposition of a specific sentence. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see also Koon*, 518 U.S. at 109, 116 S.Ct. 2035 ("[A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor."). In short, "the *Koon* rationale for departure from a

Guideline range has no application in a statutory minimum case." *United States v. Haynes*, 216 F.3d 789, 803 (9th Cir.2000) (internal citation and footnote omitted).

Furthermore, most circuits have concluded that U.S.S.G. § 5K2.0, in and of itself, does not provide a sentencing court the authority to depart below the mandatory minimum sentence. *See, e.g., United States v. Santiago*, 201 F.3d 185, 187–88 (3d Cir.1999)(citing other concurring circuits). "Section 3553(b) and guideline section 5K2.0 do not permit departure from a statutory mandatory minimum, but rather from the applicable guideline range." *United States v. Polanco*, 53 F.3d 893, 897 (8th Cir.1995). "Any deviation from the statutory minimum sentence can only be had through the specific procedures established through 18 U.S.C. §§ 3553(e) [and] 3553(f)...." *Santiago*, 201 F.3d at 187; *accord United States v. Burke*, 237 F.3d 741, 743–44 (6th Cir.), *cert. denied*, 532 U.S. 1072, 121 S.Ct. 2230, 150 L.Ed.2d 221 (2001).

■ Thus, a district court may impose a sentence of imprisonment below a statutory minimum for a drug crime if: (1) the government makes a motion pursuant to 18 U.S.C. § 3553(e) asserting the defendant's substantial assistance to the government; or (2) the defendant meets the "safety valve" criteria set forth in 18 U.S.C. § 3553(f). *Cf. United States v. Brown*, 98 F.3d 690, 693 (2d Cir.1996)(discussing three situations, not involving a mandatory minimum, where a judge has discretion to depart from prescribed Guidelines). In this case, the government did not file a motion based on substantial assistance pursuant to 18 U.S.C. § 3553(e), and Bivins has not argued that the government's failure to so move was arbitrary, in bad faith, or unconstitutional. *See Polanco*, 53 F.3d at 897. Absent such a motion, the sentencing court could not invoke

§ 3553(e) to depart from the minimum sentence prescribed by statute. *See United States v. Brigham*, 977 F.2d 317, 320 (7th Cir.1992).

In addition, the defendant did not meet the requirements under the "safety valve" set forth at 18 U.S.C. § 3553(f). Section 3553(f) authorizes the sentencing court to impose a sentence pursuant to the Sentencing Guidelines and without regard to any statutory minimum sentence if the defendant satisfies five requirements, including that he not have more than one criminal history point, *see* 18 U.S.C. § 3553(f)(1), and that he truthfully provides the government with all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, *see* 18 U.S.C. § 3553(f)(5). Here, Bivins' criminal history category was III, and the government maintains he did not provide information as required under § 3553(f)(5). Because no exception applies in this case, the district court lacked the authority to impose a sentence less than the statutory mandatory minimum. *See Haynes*, 216 F.3d at 799–800. Accordingly, this matter must be remanded for resentencing on Counts I and II.

### C. Counts IV through XI

■ The government also contends that the district court improperly sentenced the defendant to concurrent terms of imprisonment of 96 months on each of Counts IV through XI. Counts IV through XI charged Bivins with violations of 21 U.S.C. § 843(b). In relevant part, 21 U.S.C. § 843(d)(1) provides: "[A]ny person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years...." For an individual with a prior drug conviction under "any ... other law of the United States" related to illegal drugs, the maximum term of imprisonment

is eight years. *Id.* Here, Bivins' prior drug conviction was under N.Y. Penal Law § 220.06, not federal law. Because the defendant had no prior federal drug conviction, the district court's doubling of his four-year term of imprisonment on each of these counts was improper. We therefore remand for resentencing on Counts IV through XI.

### Conclusion

For the reasons set forth above, the district court should have sentenced Mr. Bivins to not less than 240 months on each of Counts I and II, and to no more than 48 months for each of Counts IV through XI. Accordingly, the sentence imposed by the district court is VACATED, and the matter is REMANDED for resentencing consistent with this opinion.