UNITED STATES of America,
Appellee,

v.

Jorge SANTIAGO, also known as
Titi, Defendant–Appellant.

No. 02–1217.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2003.

Jonathan Svetkey, Watters & Svetkey,
LLP, New York, NY, for Defendant–Appellant.

Robert M. Appleton, Assistant United
States Attorney, for Kevin J. O'Connor,
United States Attorney, District of Connecticut (Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for Appellee.

Present: MINER, CALABRESI, and
STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

On March 27, 2002, Defendant Jorge Santiago was convicted upon a guilty plea in the United States District Court for the District of Connecticut (Dorsey, *J.*) for possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (prohibiting any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing "in or affecting commerce" any firearm). Ordinarily, the maximum sentence for violating section 922(g) would be ten years' imprisonment. 18 U.S.C. § 924(a)(2). But because Defendant had been convicted in Connecticut court for two felony assault offenses and a drug trafficking offense, the district court sentenced him to a mandatory minimum term of fifteen years' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("section 924(e)(1)") (requiring imprisonment for "not less than fifteen years" where a person violates section 922(g) and has three previous convictions for a "violent felony" or "serious drug offense," as defined elsewhere in the statute). In imposing this sentence, the district court rejected Defendant's motion for a downward departure, which was based principally on Defendant's care-taking of, and financial responsibilities for, his fiancée's son, who suffers from a serious medical condition. Defendant filed a timely appeal, and this court appointed counsel on February 11, 2003.

Defendant makes three challenges to his sentence: 1) the use of his three Connecticut convictions to increase the maximum sentence under section 924(e)(1) violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) his three Connecticut convictions should not qualify as predicate convictions under section 924(e)(1) because of Defendant's young age at the time he committed that criminal conduct (or because a sentence based on such conduct violates the Eighth Amendment); and 3) the district court erred in finding that it did not have authority to grant a downward departure from the fifteen-year mandatory minimum sentence.[1] For the reasons given below, we find that Defendant's challenges fail.

As for the first issue, the government argues that a provision in Defendant's plea agreement specifically waived his right to raise an *Apprendi* argument on appeal. That provision, titled "Waiver of Right to Challenge Absence of Jury Findings," cites and briefly explains *Apprendi* and then states: "[The defendant] understands that he might be able to argue that his three predicate felony convictions that give rise to a sentencing enhancement under section 924(e) of Title 18 should all have been presented to the grand jury, and charged in the indictment. The defendant knowingly and voluntarily waives his right to have or have had such facts submitted for findings by a grant jury or trial jury."

While it is "well established that a knowing and voluntary waiver of the right to appeal is generally enforceable," *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001) (per curiam), it is unclear whether we can enforce the provision against Defendant because, as the government acknowledges in its brief, this provision "was not specifically the subject of colloquy between the district court and the defendant at the time of the guilty plea hearing." District judges are required to "inform the defendant of, and determine that the de-

---

**1.** The first two arguments were not raised below. Because we reject them on the mer-

its, there is no need to undertake a more extended plain-error analysis.

fendant understands, ... the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." Fed. R.Crim. Proc. 11(c)(6) (2001); *see also United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996) ("A majority of circuits that have addressed this issue have either ruled or intimated that the district court should specifically flag the defendant's waiver of the right to appeal at the Rule 11 plea agreement hearing. We agree that a waiver of the right to appeal should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary.") (footnote omitted); *United States v. Blackwell*, 199 F.3d 623, 625 (2d Cir.1999) (per curiam) ("This Court has specifically held Fed. R.Crim. Proc. 11(c) to mean that, as a minimum, before accepting a guilty plea each district judge must personally inform the defendant of each and every right and other matter set out in Rule 11. Otherwise the plea must be treated as a nullity.' ") (internal quotation marks omitted).

■ We need not, however, decide whether Defendant's waiver of his right to the *Apprendi* challenge is valid, since Defendant's argument is squarely foreclosed by *United States v. Santiago*, 268 F.3d 151, 154–55 (2d Cir.2001) (holding that, under *Apprendi*, the three predicate convictions necessary to trigger section 924(e)(1)'s mandatory minimum do not have to be identified in an indictment, submitted to a jury, or proved beyond a reasonable doubt). We cannot accept De-

fendant's invitation to depart from *Santiago*, and we accordingly adhere to its holding. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir.1998) (per curiam) ("[E]very panel of this court is bound by the decisions of earlier panels.").[2]

■ Defendant's second argument is that his three Connecticut convictions should not qualify as predicate convictions for purposes of section 924(e)(1) because the criminal conduct for which he was convicted took place ten years earlier and at a time when Defendant was of an "immatur[e]" age, namely sixteen and seventeen years old. Defendant maintains that using this criminal conduct as a basis for imposing a fifteen-year minimum sentence constitutes "harsh and excessive punishment." It is unclear whether the thrust of Defendant's argument sounds in statutory construction or in the Eighth Amendment. If Defendant's argument is based on statutory construction, it is unsuccessful given section 924(e)(2)(B)'s clear contemplation of offenses committed by juveniles and given this court's previous holding that the statute does not impose a temporal restriction on the predicate convictions, *United States v. Paul*, 156 F.3d 403, 404 (2d Cir. 1998) (per curiam). Moreover, any argument based on the Eighth Amendment is foreclosed by our holding in *United States v. Mitchell*, 932 F.2d 1027, 1028–29 (2d Cir.1991) (per curiam) (rejecting, on analogous facts, an Eighth Amendment challenge to a sentence under section 924(e)(1)).

■ Defendant's final argument is that the district court erred by rejecting his

2. Defendant does not claim, and the record does not indicate, that any of his three predicate convictions were adjudicated in non-jury juvenile proceedings. Accordingly, we have no occasion to consider the question addressed in *United States v. Tighe*, 266 F.3d 1187 (9th Cir.2001) (holding that the *Almen*- darez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), exception to the *Apprendi* rule, which we followed in *Santiago*, did not apply where a prior conviction used to trigger section 924(e)(1)'s mandatory minimum was the product of a non-jury juvenile adjudication).

motion to depart downwardly on the basis of unique family circumstances. A district court may only impose a sentence below a mandatory minimum sentence where there is express permission to do so. *See United States v. Medley,* 313 F.3d 745, 749–50 (2d Cir.2002). Because Defendant did not point to any such statutory basis, the district court correctly held that it lacked authority to impose a sentence below the fifteen-year minimum term prescribed by section 924(e)(1).

We have considered all of Defendant's arguments and find them meritless. The district court's judgment is therefore AFFIRMED.