**UNITED STATES of America,
Plaintiff,**

v.

**Max COOPER, Defendant.**

**No. CRIM.01–CR–214–D.**

United States District Court,
D. Colorado.

May 6, 2004.

Kathleen M. Tafoya, Assistant U.S. Attorney, David Savitz, Denver, CO, for Defendant Max Cooper.

## MEMORANDUM ORDER AND OPINION

DANIEL, District Judge.

THIS MATTER came before the Court on the Government's Motion to Apply Enhanced Penalties Pursuant to Title 21 U.S.C. § 843(d)(1), filed March 22, 2004, at Defendant Max Cooper's sentencing hearing, which was held April 7, 2004.

Defendant Cooper was convicted of knowingly using a communication facility with the intent to commit or facilitate the commission of conspiracy to distribute crack cocaine, or possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 843(b). Defendant Cooper was found "not guilty" of conspiracy under 21 U.S.C. §§ 841(a)(1)(b)(1)(A)(iii) and 846.

Citing Defendant Cooper's prior state-law felony convictions, the Government on August 7, 2003, prior to trial, filed an Information pursuant to 21 U.S.C. § 851, advising the Court that Defendant was subject to sentencing enhancements set forth in Title 21 of the United States Code. On March 24, 2004, after Defendant Cooper had been convicted of violating 21 U.S.C. § 843(b), the Government filed the instant Motion to Apply Enhanced Penalties Pursuant to Title 21 U.S.C. § 843(d)(1).

Defendant Cooper objects on the grounds that 21 U.S.C. § 843(d) does not apply to him because that provision requires a prior *federal* drug conviction, while his prior convictions were for state law violations.

21 U.S.C. § 841(b)(1)(D), under which Defendant was not convicted, provides a penalty enhancement for those convicted of manufacturing and distributing Sched-

ule IV controlled substances. The section states:

If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter *or other law of a State, the United States, or a foreign country* relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 6 years, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $500,000 if the defendant is an individual . . . .

21 U.S.C. § 841(b)(1)(D)(2) (emphasis added). Under this provision, a criminal defendant who previously has been convicted of a felony under *state,* federal, or foreign law is subject to enhanced sentencing.

21 U.S.C. § 843(d), under which Defendant was convicted, provides a different sentencing enhancement for those convicted of the unlawful use of a communication facility in committing of facilitating a drug transaction. That section states:

(1) Except as provided in paragraph (2) any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years, a fine under Title 18, or both; except that if any person commits such a violation after one or more prior convictions of him for violation of this section, or for a felony under any other provision of *this subchapter or subchapter II of this chapter or other law of the United States* relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 8 years, a fine under Title 18, or both.

21 U.S.C. § 843(d) (emphasis added). This provision, in contrast to § 841(b)(1)(D), indicates that a criminal defendant is subject to an enhanced sentence *only* if he has been convicted of a drug felony under *federal* law.

At the hearing and in its briefs, the Government argued that, read as a whole, section 843(d) requires enhanced penalties for both federal *and* state penalties. The Government urges the Court to turn to different sections of the statute and import definitions and enhancements from those sections into the section of the statute at issue here. I decline, however, to employ this strategy for reading section 843(d), for that approach is in conflict with basic principles of statutory construction.

Judicial interpretation of a statute begins with an examination of its plain language. *United States v. Morgan,* 922 F.2d 1495, 1496 (10th Cir.1991). "If the statutory language is clear, this will ordinarily end the analysis. 'When . . . the statute is unambiguous and free of irrational result, that language controls.'" *Id.* (quoting *Glenpool Util. Servs. Auth. v. Creek County Rural Water Dist. No. 2,* 861 F.2d 1211, 1214 (10th Cir.1988)).

Section 843(d) is clear and unambiguous and, on its face, requires a *federal* drug conviction as a condition precedent to sentence enhancement. *See United States v. Medley,* 313 F.3d 745, 750 (2d. Cir.2002) (holding that doubling of term of imprisonment on counts arising under 21 U.S.C. § 843(b) was improper because prior drug conviction arose under state law, not federal law); *Little v. United States,* No. Civ. A. 01–40077RWZ, 2002 WL 1424581, at *1–2 (D.Mass. Jul.1, 2002) (noting with approval government and petitioner's interpretation of 21 U.S.C. § 843(b) and (d), which they interpreted to permit sentencing enhancement only for federal convictions). *Compare* 21 U.S.C. § 841 (providing sentence

enhancement when defendant has been convicted for narcotics offense under state law).

Construction of the statute under its plain meaning will not lead to an irrational result, as it is not unreasonable to presume that where Congress intends to impose sentencing enhancements for state felony convictions, it will evince such intent with clear language in the statute. *See* 21 U.S.C. § 841(b)(1)(D). Moreover, since manufacturing or distributing of Schedule IV controlled substances under 21 U.S.C. § 841 is quite different in nature from knowingly using a communication facility to distribute or facilitate the distribution of such substances under 21 U.S.C. § 843, it is not irrational for Congress to have applied different penalties to those convicted under the different statutes. As such, I find that the plain language of 21 U.S.C. § 843(d)(1) controls.[1]

Since the Government does not dispute that Mr. Cooper's prior convictions were under state law, the Government's Motion to Apply Enhanced Penalties Pursuant to Title 21 U.S.C. § 843(d)(1) must be denied.

In accordance with the foregoing, it is

ORDERED that the Government's Motion to Apply Enhanced Penalties Pursuant to Title 21 U.S.C. § 843(d)(1), filed March 22, 2004, is DENIED.

---

1. The Government sought application of enhanced penalties under 21 U.S.C. § 843(d)(1) to other defendants convicted in this matter. Under the foregoing rationale, the Court denied the Government's enhancement requests as to those Defendants at their sentencing hearings as well.