16-3693; 16-3721 (Con)
*United States v. Navarro-Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand eighteen.

Present:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              16-3693-cr

ALEJANDRO NAVARRO-GONZALEZ,
AKA Matatan,

> *Defendant-Appellant*.

UNITED STATES OF AMERICA,

     *Appellee*,

     v.

THOMAS RODRIGUEZ, et al.,

     *Defendants*,

ALEJANDRO NAVARRO-GONZALEZ, AKA Matatan,

     *Defendant-Appellant*.

16-2080 (L)
16-3721 (Con)

_____

| For Appellee: | Mary C. Baumgarten, Assistant United States Attorney *for* James P. Kennedy, Acting United States Attorney, Buffalo, New York. |
| --- | --- |
| For Defendant-Appellant: | Cheryl Meyers Buth, Meyers Buth Law Group, Orchard Park, NY. |

Appeals from judgments of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant Alejandro Navarro-Gonzalez ("Navarro-Gonzalez") appeals from two judgments of conviction: (1) Navarro-Gonzales was convicted after a jury trial of possession with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) ("12-cr-157 Conviction"); and (2) Navarro-Gonzales pleaded guilty to conspiracy to possess with intent to distribute and distribution of 100 grams or more of heroin, in violation of 21 U.S.C. § 851 ("11-cr-151 Conviction"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.        Motion to Suppress

First, Navarro-Gonzales argues that the district court should have granted his motion to suppress statements that he made at the time of his arrest and evidence seized during the search of a storage locker.    Specifically, Navarro-Gonzales argues that he did not voluntarily waive his *Miranda* rights and speak to agents, *see Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), and that his consent to search was not voluntary.    This argument is without merit.

When reviewing a district court's ruling on a motion to suppress, we review the district court's "legal conclusions de novo and findings of fact for clear error."    *United States v. Freeman*, 735 F.3d 92, 95 (2d Cir. 2013).    "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.    Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.    When, as here, credibility determinations are at issue, we give particularly strong deference to a district court finding." *United States v. Murphy*, 703 F.3d 182, 188–89 (2d Cir. 2012); *see also United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir. 1990) ("Assessments of the credibility of witnesses are the province of the district court and we are not entitled to overturn those assessments.").

It was not clearly erroneous for the district court to conclude based on the testimony of a Drug Enforcement Administration ("DEA") agent, Jonathan Sullivan, that Navarro-Gonzalez voluntarily waived his *Miranda* rights.    Sullivan testified that he read Navarro-Gonzalez his *Miranda* warnings in Spanish and that Navarro-Gonzalez confirmed that he understood the *Miranda* warnings, agreed to be interviewed, and did not ask for an attorney.  *See United States v. Lynch*, 92 F.3d 62, 65 (2d Cir. 1996) (affirming denial of suppression motion where hearing testimony revealed defendant stated he understood *Miranda* warnings and waiver form);

3

*Maldonado-Rivera*, 922 F.2d at 972–73 (holding district court's findings that defendant received *Miranda* warnings in Spanish were not clearly erroneous where supported by hearing testimony). The district court did not err in relying upon the magistrate judge's credibility finding as to Sullivan, and thus the finding that Navarro-Gonzalez's *Miranda* waiver and subsequent statements were voluntary was amply supported by the record.

The totality of the circumstances also supports the district court's conclusion that Navarro-Gonzalez voluntarily consented to the warrantless search of his storage unit: Sullivan testified that he reviewed the consent form with Navarro-Gonzalez; that Sullivan repeatedly confirmed whether Navarro-Gonzalez understood his questions and, whenever necessary, rephrased in Spanish; that neither Sullivan nor any other DEA agents threatened or coerced Navarro-Gonzalez to sign the consent form; and that although Sullivan and the other DEA agents were carrying firearms, the weapons were never displayed and remained concealed throughout the interview. *See United States v. Garcia*, 56 F.3d 418, 422 (2d Cir. 1995) (examining "totality of all the circumstances to determine whether the consent [to a search] was a product of that individual's free and unconstrained choice; rather than a mere acquiescence in a show of authority" (internal quotation marks omitted)). Despite Navarro-Gonzalez's arguments to the contrary, there is also no evidence of coercion. Navarro-Gonzalez was interviewed for less than three hours after taking into account the "period of time when he was being transported and processed" and "several breaks in questioning." J.A. 231. Although Sullivan asked Navarro-Gonzalez about drugs recently seized in a different state, these statements were not so coercive as to render Navarro-Gonzalez's waiver and consent involuntary. *See Parsad v. Greiner*, 337 F.3d 175, 185 (2d Cir. 2003) (accusing defendant of committing a crime and confronting him with incriminating evidence was not unduly coercive); *United States v. Bye*, 919 F.2d 6, 9–10 (2d Cir. 1990) (discussing potential

4

charges and penalties was not coercive). We thus affirm the district court's decision to deny Navaro-Gonzalez's motion to suppress.

## II.     Admission of Cornaire's Testimony

Next, we also reject Navarro-Gonzalez's argument that Cornaire's testimony should have been ruled inadmissible as evidence of prior bad acts under Rule 404(b). We review evidentiary rulings "under a deferential abuse of discretion standard." *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015).[1] Cornaire testified primarily to accompanying Navarro-Gonzalez to the storage unit facility and the circumstances surrounding his rental of a storage unit on behalf of his brother; to observing both Navarro-Gonzalez and his brother enter the rental office together; and to the relation of that storage facility to heroin and cocaine. She also described the circumstances of her arrest and cooperation with DEA agents. Cornaire's testimony explained how Navarro-Gonzalez was arrested, why the Government sought to investigate the storage unit, and why Navarro-Gonzalez might be aware of the storage unit's contents. Under these circumstances, the district court did not abuse its discretion by admitting this testimony: Cornaire's testimony was directly probative of the charged offense, and was therefore not subject to Rule 404(b)'s prohibitions. *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ("[E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.").

---

[1] The government argues that Navarro-Gonzalez did not object to Cornaire's testimony, so that we are limited to review for plain error. We need not resolve this question, however, because even assuming that Navarro-Gonzalez properly preserved his objection below, it is without merit.

### III.    Mandatory Minimum

Navarro-Gonzalez also argues that his guilty plea based on his 11-cr-151 Conviction is invalid because he was not properly informed of the applicable mandatory minimum as required by Fed. R. Crim. P. 11(b)(1)(I).    Specifically, Navarro-Gonzalez argues that he was informed that the mandatory minimum for his 11-cr-151 Conviction was ten years, and that he was never notified that the mandatory minimum was actually twenty years.    This argument is without merit because his plea agreement, plea colloquy, and Presentence Investigation Report each reflected the correct mandatory minimum of ten years, as to his 11-cr-151 Conviction.

To the extent that Navarro-Gonzalez argues that the district court erred in misstating during his sentencing proceedings that the applicable mandatory minimum for the 11-cr-151 Conviction was twenty years, this argument also fails.    Because Navarro-Gonzalez did not object to his sentence when it was imposed, we review for plain error.    Plain error review requires the appellant to demonstrate, *inter alia*, that "the error affected the appellant's substantial rights." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).    Generally, to "affect substantial rights," an error must have caused prejudice and affected the outcome of the district court proceedings.    *United States v. Olano*, 507 U.S. 725, 734 (1993).    Navarro-Gonzalez cannot satisfy plain error review because he was not prejudiced by the district court's misstatement.    Because the 11-cr-151 and the 12-cr-157 Convictions were grouped for sentencing purposes, the district court was required to impose the same total punishment of 252 months for each count of both convictions "except to the extent otherwise required by law." U.S.S.G. § 5G1.2(b) (requiring district courts to determine the total punishment and "impose that punishment on each count except to the extent otherwise required by law"); *see also* Application Note 1 to U.S.S.G. § 5G1.2 (applying this Guideline to cases involving "multiple counts of

conviction . . . contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding."). Thus, the district court's misstatement that the mandatory minimum for the 11-cr-151 Conviction was twenty years as opposed to ten had no effect on the outcome of Navarro-Gonzalez's sentencing proceedings.

## IV.    Ineffective Assistance of Counsel

We decline to reach the merits of Navarro-Gonzalez's ineffective assistance of counsel claim at this stage of the proceedings. Any such claim should be brought in a habeas proceeding given this Court's "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance . . . [because w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.").

## V.    Prior Conviction

Finally, we reject Navarro-Gonzalez's argument that his prior state conviction for attempted criminal possession of a controlled substance in the fourth degree, N.Y. Penal Law § 220.09, could not trigger the increased mandatory minimums under 21 U.S.C. § 841 because it is not a "felony drug offense" as defined by the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 *et seq*. A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "A person is guilty of criminal possession of a

7

controlled substance in the fourth degree when he knowingly and unlawfully possesses" certain quantities of controlled substances as defined under New York law.   N.Y. Penal Law §§ 220.09, 220.00.   An attempt to commit this crime falls within the CSA's definition of felony drug offense because it is a Class D felony under New York law, *id.* § 110.05(4), which is punishable by at least one year of imprisonment, *id.* § 70.00(3)(b).   Indeed, we have previously recognized that a New York conviction for criminal possession of a controlled substance in the fifth degree, also a Class D felony, is a felony drug offense.   *See, e.g., United States v. Medley*, 313 F.3d 745, 748 (2d Cir. 2002).

\* \* \*

We have considered Navarro-Gonzalez's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk