**UNITED STATES of America, Appellee,**

v.

**James Raymond McCONNELL, Appellant.**

No. 89–3031.

United States Court of Appeals, Eighth Circuit.

Submitted July 23, 1990.

Decided Oct. 10, 1990.

Milas H. Hale III, North Little Rock, Ark., for appellant.

Linda B. Lipe, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

James Raymond McConnell appeals his sentence following guilty verdicts on two counts of being a felon in possession of firearms, five counts of illegal transportation of firearms, and one count of distribution of amphetamine chloride. McConnell was sentenced to 15 years imprisonment on each of the seven firearms charges and to 33 months on the drug charge, with all sentences to run concurrently. The firearms sentences were imposed under 18 U.S.C. § 924(e), which requires a 15–year minimum sentence if the defendant has three prior violent felony convictions. We affirm.

■ The district court used two 1964 Arkansas burglary convictions and a 1971 federal bank robbery conviction to enhance the sentences. Section 924(e) specifies that a crime is a "violent felony" if "it is a burglary." The Supreme Court has adopted a "generic" definition of burglary as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, — U.S. ——, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). In determining whether a conviction is for "burglary" for purposes of section 924(e), a court must adopt a categorical approach, looking only to the statutory definition and not to the facts underlying the conviction. *Id.*, 110 S.Ct. at 2159.

■ At the time of McConnell's convictions, Arkansas defined burglary as "the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, ... boat, vessel or water craft ... with the intent to commit any felony or larceny." Ark.Stat.Ann. § 41–1001 (Supp.1963). Because the convictions were based on guilty pleas and the "precise conviction[s] [are] not clear on the face of the statute, we must refer to the charging information[s] to determine whether [McConnell's burglary] conviction[s] can be used for enhancement." *United States v. Whitfield*, 907 F.2d 798, 800 (8th Cir.1990). The information in McConnell's convictions charged him with the elements of generic burglary. The convictions were thus properly used for enhancement.

■ We must also reject McConnell's claim that use of the burglary convictions was improper because of the passage of

time since they occurred. In an earlier case, *United States v. McClinton*, 815 F.2d 1242 (8th Cir.1987), we reluctantly permitted the use of a 25–year old conviction and encouraged Congress to consider whether this result was intended and just. To this date, Congress has not acted on our suggestion. Thus we have no alternative but to affirm. We believe that if Congress had envisioned a time limit, it would have incorporated it into the statute. *See United States v. Williamson*, 567 F.2d 610, 614 (4th Cir.1977) (use of 12–year old conviction for enhancement under 18 U.S.C. § 3575(e)(1), predecessor to § 924).

Accordingly, we affirm McConnell's sentences.