**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronnie CARR, Defendant–Appellant.**

**No. 91–2731.**

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1992.

Decided May 22, 1992.

Barry R. Elden and Richard K. Kornfeld (argued), Asst. U.S. Attys., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Sheldon Nagelberg (argued), Chicago, Ill., for defendant-appellant.

Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Ronnie Carr appeals from his conviction under 18 U.S.C. § 1703(b) for knowingly and without authority opening mail not directed to him. At the time he committed the acts underlying his conviction, Carr was privately employed as a mail clerk by the First National Bank of Chicago ("First Chicago"). His sole contention on appeal is that § 1703(b) applies only to United States Postal Service officers or employees. We find that the portion of § 1703(b) under which the government prosecuted Carr regulates the conduct of all individuals, not just postal employees and officers, and therefore affirm.

Carr opened the mail at issue while working the night shift at First Chicago's mail processing center. First Chicago, unlike most postal customers, does not receive mail via traditional postal delivery to its business premises. Rather, Postal Service employees place all mail addressed to First Chicago into large plastic bins at the Main Post Office in downtown Chicago. At various times during the day and night, mail clerks employed by First Chicago drive to the post office, load the designated bins into a van, and transport them to First Chicago for sorting and distribution.

Carr was assigned to perform the midnight mail run on January 4, 1991. Unbeknownst to him, earlier that evening federal postal inspectors had placed a "test parcel" in one of First Chicago's mail bins. The parcel contained a Casio miniature television set, along with a transmitter designed to alert the inspectors if anybody opened the package. The inspectors did not address the parcel to First Chicago at its 60673 zip code, but rather to "Thomas Krossen, P.O. Box 7545, Chicago, Illinois 60680," which, it turns out, is the fictitious address of a fictitious person. The postal inspectors laid in wait as Carr arrived for the First Chicago pickup, loaded the bin into his van, and climbed into the driver's seat. Soon thereafter the transmitter signalled to the inspectors that Carr had taken the bait; they immediately descended upon the van, which Carr had not yet driven out of the parking lot, and caught him red-handed. The government subsequently filed a one-count misdemeanor criminal information against Carr under 18 U.S.C. § 1703(b). After a brief bench trial, the magistrate judge found Carr guilty, sentenced him to two years probation, and ordered him to pay a $25 special assessment.

Carr concedes, at least implicitly, that he did the things the government accused him of doing. As noted, he appeals his conviction on the sole ground that the statute under which he was prosecuted does not apply to non-postal employees such as himself. While the government has successfully prosecuted non-postal employees under § 1703(b), *see, e.g., United States v. Judd,* 889 F.2d 1410 (5th Cir.1989), *cert. denied,* 494 U.S. 1036, 110 S.Ct. 1494, 108 L.Ed.2d 629 (1990), we know of only two courts which have explicitly confronted the claim—a claim neither advanced nor addressed in *Judd*—that such individuals fall outside the scope of § 1703. Both courts, it turns out, state that § 1703 applies only to the acts of Postal Service officers and employees. *Sciolino v. Marine Midland Bank–Western,* 463 F.Supp. 128, 130 n. 1 (W.D.N.Y.1979); *United States v. Blierley,* 331 F.Supp. 1182, 1183 (W.D.Pa.1971). We respectfully hold otherwise with regard to that portion of § 1703(b) under which the government prosecuted Carr.

In determining the scope of a statutory provision, "we look first to the language of the statute itself." *Hughey v. United States*, 495 U.S. 411, 415, 110 S.Ct. 1979, 1982, 109 L.Ed.2d 408 (1990); *see also United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Section 1703, in its entirety, provides as follows:

(a) Whoever, *being a Postal Service officer or employee*, unlawfully secretes, detains, delays, or opens any letter, postal card, package, bag or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined not more than $500 or imprisoned not more than five years, or both.

(b) Whoever, *being a Postal Service officer or employee*, improperly detains, delays, or destroys any newspaper, or permits any other person to detain, delay, or destroy the same, or opens, or permits any other person to open, any mail or package of newspapers not directed to the office where he is employed; or

Whoever, without authority, opens, or destroys any mail or package of newspapers not directed to him, shall be fined not more than $100 or imprisoned not more than one year, or both.

18 U.S.C. § 1703 (emphasis supplied). By placing the postal employee limiting clause (the statutory text emphasized above) where it did, Congress obviously intended to limit the application of § 1703(a), and the first paragraph of § 1703(b), to Postal Service officers and employees. The second paragraph of § 1703(b), in contrast, contains no such clause; it applies to "[w]hoever," a term whose ordinary meaning is "whatever person; anyone that," or "no matter who." Random House College Dictionary 1503 (1973). A plain reading of that paragraph, then, suggests that Congress intended its application to be universal.

Any argument that the limiting clause carries over from § 1703(a) and the first paragraph of § 1703(b) to the second paragraph of § 1703(b) contravenes established principles of statutory construction. "[W]here Congress includes language in one section of a statute but omits it in another ..., it is generally presumed [to have] act[ed] intentionally and purposefully in the disparate inclusion or exclusion." *Gozlon–Peretz v. United States*, —— U.S. ——, 111 S.Ct. 840, 846–47, 112 L.Ed.2d 919 (1991) (citation omitted). Because here Congress placed the limiting clause only in certain portions of the statute, we presume that the clause restricts the reach only of those portions.

Moreover, Carr's interpretation of § 1703(b) would violate "the well-settled rule ... that all parts of a statute, if possible, are to be given effect." *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973). The first paragraph of § 1703(b) prohibits a broader range of activities than the second, but there is some overlap; both punish individuals who improperly destroy any newspaper or who open mail not directed to them. An interpretation of § 1703(b) which limits the application of both paragraphs, instead of just the first, to postal officers and employees would render certain elements of the second paragraph superfluous, and hence is disfavored. The government's interpretation avoids this problem by giving effect to all portions of the statute, and therefore is preferred.

Finally, this is not a case where looking exclusively to statutory text decrees a result that is "difficult to fathom," *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 455, 109 S.Ct. 2558, 2561, 105 L.Ed.2d 377 (1989), or "absurd," *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892), for Congress could rationally have decided to prohibit all individuals, not just postal employees, from opening or otherwise tampering with mail not directed to them. There being no appreciable ambiguity in the statute, Carr may not benefit

from the rule of lenity, which would have resolved any such ambiguity in his favor. *Chapman v. United States*, — U.S. —, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991). The government was foreclosed from prosecuting Carr under § 1703(a) or the first paragraph of § 1703(b), but was entitled to do so under the second paragraph of § 1703(b).

AFFIRMED.