974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Thomas L. HUDSPETH, Defendant/Appellant.
 No. 91-3786.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 5, 1992.
Decided Aug. 20, 1992.
Rehearing Denied Oct. 5, 1992.
 
 Before POSNER, and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Lee Hudspeth pled guilty to one count of unlawful possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). A violation of this statute carries a mandatory minimum prison sentence of fifteen years if the defendant has three prior convictions for "violent felonies" as defined by 18 U.S.C. § 924(e)(2). 18 U.S.C. § 924(e)(1). The government claimed that the fifteen-year minimum applied in this case because Hudspeth had three or more burglary convictions to his credit,[1] and burglaries are, by definition, violent felonies under § 924(e)(2)(ii). The district court agreed with the government and sentenced Hudspeth to fifteen years' imprisonment.
 
 
 2
 One of the convictions the government relied on as a predicate violent felony came in 1975, when Hudspeth was adjudicated delinquent for burglarizing a gas station. Under § 924(e)(2) an act of juvenile delinquency is a violent felony only if it "involv[ed] the use or carrying of a firearm, knife, or destructive device." The district court did not inquire as to whether Hudspeth's juvenile burglary involved a firearm, knife, or destructive device, nor does the record, including the Presentence Report (PSR), enable us to tell whether he used or carried such an implement. As a result, we cannot determine whether this crime qualifies as a violent felony, and thus cannot evaluate the propriety of the district court's reliance on it as a violent felony in imposing the fifteen-year minimum under § 924(e).
 
 
 3
 For similar reasons, we cannot evaluate the government's alternative claim that Hudspeth has three or more adult burglary convictions and that therefore it is irrelevant whether his juvenile burglary was a violent felony. This argument is based on the fact that Hudspeth was convicted on one count of burglary on October 30, 1980 and of three counts of burglary on August 8, 1983. If each of the 1983 burglary counts is treated as a separate violent felony conviction, the argument proceeds, then the defendant has committed four violent felonies as an adult, and the district court's application of the fifteen-year minimum sentence was justified. Convictions on separate counts may be treated as separate violent felonies, even though the convictions came in a single proceeding, if they were "committed on occasions different from one another." 18 U.S.C. § 924(e); United States v. Schieman, 894 F.2d 909, 911-12 (7th Cir.1990). Crimes are considered to have occurred on different occasions if "each conviction arises out of a separate and distinct criminal episode." Id. at 911. In deciding whether crimes were part of the same criminal episode, courts often look at whether the crimes were separated in time and involved different victims and different locations. See id.; United States v. Washington, 898 F.2d 439, 442 (5th Cir.1990); United States v. Towne, 870 F.2d 880, 891 (2d Cir.1989); United States v. Gillies, 851 F.2d 492, 497 (1st Cir.1988); United States v. Petty, 828 F.2d 2, 3 (8th Cir.1987); United States v. Montgomery, 819 F.2d 847, 850 n. 2 (8th Cir.1987).
 
 
 4
 The only information we have on the 1983 burglaries, however, is contained in the PSR, which summarily describes the burglaries as follows: "The defendant, Thomas Edwards, and Ronnie Edwards entered Homestyle Cleaners, Melocreme Donut, and Farmer's Insurance Company, all located in Springfield, Illinois." Defendant-Appellant's Appendix, at 45. This brief description of the burglaries does not reveal whether they took place on the same day or weeks apart, whether the burglarized businesses are in the same building or across town, or whether the crimes were connected in any way. Further, the district court did not examine the facts surrounding these burglaries.[2] Consequently, we do not have sufficient information to discern whether the 1983 burglaries were part of the same or separate and distinct criminal episodes, and therefore cannot decide whether Hudspeth's sentence was properly enhanced under § 924(e). See United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.1990).
 
 
 5
 Accordingly, we vacate the sentence and remand this case so that the court may hold a hearing, enter findings of fact, and determine whether a proper basis exists for applying the § 924(e) enhancement. Specifically, the court should examine the facts surrounding the juvenile burglary and the three 1983 convictions in deciding whether Hudspeth has been convicted of three violent felonies as defined by the statute.[3] The district court should then resentence Hudspeth based on its findings.
 
 
 6
 VACATED and REMANDED.
 
 
 
 [1]
 In its "Information Charging Prior Offenses" the government listed the following convictions as forming a basis for an enhanced sentence under § 924(e)
 
 
 [1]
 On August 8, 1983 the defendant was convicted of three separate counts of Burglary in Sangamon County, Illinois Case No. 83-CF-150
 
 
 [2]
 On October 30, 1980 the defendant was convicted of Burglary in Sangamon County, Illinois Case No. 80-CF-579
 
 
 [3]
 On July 8, 1975 the defendant was adjudicated delinquent for the offense of Burglary in Sangamon County, Illinois Case No. 75-J-127
 R. 8. The government then stated that Hudspeth should receive an enhanced sentence because he had "three or more violent felony convictions." Id.
 
 
 [2]
 Indeed, the government never even suggested that these convictions should be counted separately under § 924(e) until amending its brief one week prior to oral argument. This ex post attempt to justify the sentence by arguments not clearly presented to the district court is disturbing, and we strongly urge the government to make clear, on remand, exactly what convictions it relies on in seeking an enhanced sentence and why it believes these convictions should be treated as distinct violent felonies under § 924(e)
 
 
 [3]
 Hudspeth's alternative argument that certain of his convictions, including the juvenile burglary, are too old to be used as predicate offenses under § 924(e) has been rejected by many circuits, and we see no need to adopt a "staleness" rule at this time. See United States v. Blankenship, 923 F.2d 1110 (5th Cir.), cert. denied, 111 S.Ct. 2262 (1991); United States v. McConnell, 916 F.2d 448 (8th Cir.1990); United States v. Preston, 910 F.2d 81 (3d Cir.1990), cert. denied, 111 S.Ct. 1002 (1991); United States v. Green, 904 F.2d 654 (11th Cir.1990)