**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Solomon WRIGHT, Defendant–Appellant.**

**No. 94–2413.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1994.

Decided Feb. 16, 1995.

David H. Miller, Asst. U.S. Atty. and Andrew Baker (argued), Office of the U.S. Atty., Fort Wayne, IN, for plaintiff-appellee.

Quinton Ellis (argued), Fort Wayne, IN, for defendant-appellant.

Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

On June 2, 1994, Solomon Wright pled guilty to carrying a weapon while drug trafficking in violation of 18 U.S.C. § 922(g)(1), and possession of a weapon by a felon in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Wright as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on his three previous convictions for armed robbery in 1968, breaking and entering in 1971, and burglary in 1982. The district court sentenced him to concurrent sentences of 60 months imprisonment for carrying a firearm during drug trafficking and 188 months imprisonment for possessing a weapon as a career armed felon. We affirm.

■ Wright's sole argument on appeal is that the district court erred in using his 1968 and 1971 convictions in enhancing his sentence under the ACCA.[1] The district court applied the ACCA, examined the case law in other circuits, and ultimately rejected this argument, concluding that "[t]here is no time limit on the prior convictions which the government may rely upon when it seeks to enhance a defendant's sentence pursuant to 18 U.S.C. § 924(e)." Wright asks us to read a temporal restriction on felonies into the ACCA. He asserts that convictions greater than fifteen years old are "stale" and should not be included for ACCA sentencing purposes. We review the district court's statutory interpretation of the enhancement statute, an issue of law, *de novo*. *United States v. Davis*, 16 F.3d 212, 214 (7th Cir.1994); *United States v. Shriver*, 989 F.2d 898 (7th Cir.1992).

■ The present challenge to the application of the ACCA presents an issue of first impression for this Court.[2] In interpreting a statute, we first look to the plain language of the statute itself. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976) ("The starting point in every case involving construction is the language itself"); *United States v. Carr*, 965 F.2d 176, 178 (7th Cir.1992). 18 U.S.C. § 924(e)(1) states:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years."

We have held that "a thrice convicted felon, who is subsequently convicted for the unlawful possession of a firearm, is subject to a mandatory sentence of not less than fifteen years provided that the three prior convictions resulted from acts 'committed on occasions different from one another....'" *United States v. Hudspeth*, 42 F.3d 1015, 1018–19 (7th Cir.1994) (en banc) (quoting 18 U.S.C. § 924(e)(1)). The plain language of 18 U.S.C. § 924(e) is clear and unambiguous. The statute contains no reference to any qualifications on the recentness of applicable felonies. While the statute does require that the felonies be "violent" or that there be a serious drug offense, the statute does not place any time restrictions on the felonies.

Wright suggests that § 4A1.2(e) of the United States Sentencing Guidelines (establishing a fifteen year limit on the use of felonies for sentencing purposes), and Federal Rule of Evidence 609(b) (creating a ten-year limit on conviction which can be used for impeachment purposes) imply that Con-

---

**1.** The government, in its brief, addresses the issue of whether Wright's 1971 conviction for breaking and entering constitutes generic burglary under *Taylor v. United States,* 495 U.S. 575, 598–99, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). However, because Wright does not raise this issue on appeal, we do not consider it.

**2.** We note that this Court has previously affirmed the use of convictions older than those in the instant case, *United States v. Hayes,* 919 F.2d 1262, 1265 (7th Cir.1990) (affirming use of 33 year old convictions as predicate offenses under § 924(e)(1)), and older than fifteen years, *United States v. Polk,* 908 F.2d 212 (7th Cir.1990) (affirming use of 17 and 16 year old convictions); *United States v. Gallman,* 907 F.2d 639 (7th Cir.1990) (affirming use of 21 year old conviction); *United States v. Hope,* 906 F.2d 254, 263 (7th Cir.1990) (affirming use of 17 year old conviction).

gress intended there to be a similar restriction on the use of felonies under the ACCA. Wright's argument proves too much. U.S.S.G. § 4A1.2(e) and Fed.R.Evid. 609(b) illustrate that Congress knows how to create time limitations. When it wants to attach these restrictions to statutes, it does. Congress chose not to create any temporal restrictions, and we will not stray from the plain language in order to read limitations into the statute.

Every other circuit which has examined this issue has concluded that the ACCA does not place a time limit on previous felonies. *See United States v. Blankenship*, 923 F.2d 1110, 1118 (5th Cir.1991), *cert. denied*, 500 U.S. 954, 111 S.Ct. 2262, 114 L.Ed.2d 714 (1991); *United States v. McConnell*, 916 F.2d 448, 450 (8th Cir.1990); *United States v. Preston*, 910 F.2d 81, 89 (3d Cir.1990), *cert. denied*, 498 U.S. 1103, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991); *United States v. Green*, 904 F.2d 654 (11th Cir.1990); *see also United States v. Crittendon*, 883 F.2d 326 (4th Cir. 1989) (implicitly rejecting argument for temporal restrictions by refusing to review district court's sentencing determinations which fell within the statutory guidelines). In *Blankenship*, the Fifth Circuit rejected the defendant's similar challenge to his sentence under the ACCA. The Court found that the statute was unambiguous and that "[t]here is no indication, either in the statute or the legislative history, that Congress intended to include a temporal restriction in the statute." 923 F.2d at 1118. Similarly, the Eighth Circuit in *McConnell* refused to read time restrictions into the ACCA. The Court noted that in a previous case, *United States v. McClinton*, 815 F.2d 1242 (8th Cir.1987), it had reluctantly permitted the use of a 25-year old conviction and had "encouraged Congress to consider whether this result was intended and just." 916 F.2d at 450. Since Congress did not respond, the Court concluded that "if Congress had envisioned a time limit, it would have incorporated it into the statute." *Id.; see also Preston*, 910 F.2d at 89 (Third Circuit examining the plain language of 924(e) and concluding that the "language allows all prior convictions for violent felonies to be considered without regard to the date of conviction"); *Green*, 904 F.2d at

655 (Eleventh Circuit rejecting the reading of temporal restrictions into the statute and holding that the language of the ACCA was "clear and unambiguous").

We find the analysis and reasoning in these cases persuasive and join the Third, Fourth, Fifth, Eighth, and Eleventh Circuits in finding no time limit for ACCA felonies. In light of the plain language of 18 U.S.C. § 924(e)(1), the district court properly determined that Wright's 1968 and 1971 convictions were not "stale," and accurately sentenced him under the ACCA. For the foregoing reasons, the district court's sentence is AFFIRMED.