97 F.3d 1455
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earnest L. WHITE, Defendant-Appellant.
 No. 96-2406.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.
Decided Sept. 12, 1996.
 
 Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Earnest White pleaded guilty to possessing a firearm despite a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 15 years' imprisonment, the minimum term for an armed career criminal. 18 U.S.C. § 924(e). Despite this, he filed a notice of appeal. When his attorney submitted a no-merit report and asked to be relieved under Anders v. California, 386 U.S. 738 (1967), we invited White to inform us what issues he desires to raise on appeal. See Circuit Rule 51(a). White did not respond.
 
 
 2
 The lack of response would justify dismissal of the appeal under Circuit Rule 51(c). To protect White's interests, we have nonetheless reviewed counsel's no-merit brief and the record of the case. See Penson v. Ohio, 488 U.S. 75, 82-82 & n. 6 (1988). Because White pleaded guilty, did not ask the district court to withdraw the plea, and has not suggested that he is now dissatisfied with the plea, we bypass any consideration of the procedures by which the plea was taken; no such issues have been either preserved in the district court or presented for decision here.
 
 
 3
 The 15-year mandatory minimum sentence applies to gun-toting persons who have three convictions for violent felonies. According to the presentence report, White has ten such convictions: one for murder, eight for robberies with deadly weapons, and one for burglary. Because the Armed Career Criminal Act does not place a time limit on eligible predicate offenses, all ten were properly considered. United States v. Wright, 48 F.3d 254 (7th Cir.1995). The eight robbery convictions, arising from separate episodes and separate victims, were properly counted cumulatively. United States v. Hudspeth, 42 F.3d 1015, 1019-22 (7th Cir.1994) (en banc). And although any burglary conviction could pose a close question under the statute, see Taylor v. United States, 495 U.S. 575 (1990), the surfeit of prior violent felonies made dispute about the status of the burglary conviction academic. White was an armed career criminal under § 924(e). Any contention to the contrary would be frivolous.
 
 
 4
 We grant counsel's motion to withdraw and dismiss the appeal as frivolous.