NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2008[*]
Decided March 18, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2485

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:05CR30184–001 DRH |
| ARTHUR RUNNELS, *Defendant-Appellant*. | David R. Herndon, *Chief Judge*. |

**O R D E R**

Arthur Runnels pleaded guilty to possessing a firearm following a felony conviction. *See* 18 U.S.C. § 922(g)(1). The district court concluded that three of his previous felony convictions—two for drug offenses and one for aggravated battery—qualified him as an armed career criminal. *See id.* § 924(e). The court sentenced him to a prison term of 180 months, the statutory minimum. *See id.* § 924(e)(1). The only argument Runnels makes on

---

[*]On March 3, 2008, we granted the motion to waive oral argument filed by counsel for the appellant. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2), (f).

appeal is that the district court should not have counted his two drug convictions separately in assessing whether he has the three needed to trigger the Armed Career Criminal Act. We affirm Runnels's sentence.

## Background

In August 2005 police officers in Alorton, Illinois, stopped the car Runnels was driving after he ran a stop sign. Runnels identified himself as Darrion Flowers, but when a computer check could not verify that name, he was arrested. The officers searched his car and found a loaded .45 caliber Taurus semi-automatic pistol.

A probation officer prepared a presentence investigation report recommending that the district court sentence Runnels as an armed career criminal based on three of his previous Illinois convictions—one for possessing cocaine with the intent to deliver it on school grounds, one for unlawful delivery of a controlled substance while on public housing property, and one for aggravated battery. Runnels objected, arguing that the two drug offenses should be treated as a single conviction because he was arrested for both offenses on the same day and because the cases were consolidated for sentencing. The district court overruled Runnels's objection, reasoning that the two drug offenses are separate because they occurred on different dates and involved distinct elements.

The district court thus selected a base offense level of 33, *see* U.S.S.G. § 4B1.4(b)(3)(B), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1. The resulting total offense level of 30 applied against Runnels's criminal history category of V ordinarily would yield a guidelines imprisonment range of 151 to 188 months, but because of the statutory minimum, *see* U.S.S.G. § 5G1.1(c)(2), the effective range was 180 to 188 months. After examining the factors set forth in 18 U.S.C. § 3553(a), the court chose a term of 180 months.

## Analysis

In arguing that the district court should have treated his two drug convictions as one, Runnels asserts that the convictions are "related . . . for purposes of calculating criminal history" because: 1) the crimes occurred "just over 30-days apart" (actually, they occurred only 21 days apart); 2) he was arrested and then sentenced for both crimes on the same day; and 3) the sentences ran concurrently. Runnels is arguing that the rules used in calculating a defendant's criminal history score under the guidelines, *see* U.S.S.G. §§ 4A1.1, 4A1.2, should also control in tallying his qualifying convictions under the Armed Career Criminal Act. But as the government points out, the guidelines rules for counting criminal

convictions are irrelevant in deciding whether a defendant has the requisite convictions to qualify for enhanced sentencing under the Armed Career Criminal Act. *See* U.S.S.G. § 4B1.4 cmt. 1; *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998); *cf. United States v. Wright*, 48 F.3d 254, 255-56 (7th Cir. 1995). In his brief to this court, Runnels has not addressed the district court's conclusion that the counting rules from the guidelines do not apply to the statutory enhancement, nor has he responded to the government's argument that those rules are inapplicable here.

A defendant who violates § 922(g) is an armed career criminal if he has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Thus the question for purposes of the statutory enhancement is not whether the prior offenses are "related," but whether each "arose out of a *'separate and distinct criminal episode.'*" *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc) (quoting *United States v. Schieman*, 894 F.2d 909, 911 (7th Cir. 1990)). What matters is the nature and locations of the crimes, the identities of the victims, and whether the defendant could have withdrawn from the criminal activity between episodes. *Id.* at 1019-21; *United States v. Morris*, 293 F.3d 1010, 1013 (7th Cir. 2002).

Runnels does not even dispute that his drug offenses were committed on different occasions, but even if he did the contention that they constitute a single offense would dissolve under the *Hudspeth* factors. The offenses involved distinct elements and took place on separate days and in separate locations. The first offense took place on November 14, 1997, when Runnels sold cocaine at a public housing complex. The second took place 21 days later, when Runnels entered a high school intending to distribute the small amount of cocaine in his possession. The three-week lapse renders frivolous any contention that these are not separate crimes under the Armed Career Criminal Act. Accordingly, we affirm the district court's decision to sentence Runnels as an armed career criminal.