NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 23, 2009[*]
Decided June 29, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3300

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-CR-245 |
| TROY S. BURTON, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Troy Burton was sentenced as an Armed Career Criminal and is serving 180 months in prison, the statutory minimum, for possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1).  Burton moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) because, he says, Amendment 709 to the sentencing guidelines entitles him to a

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

lower sentence.  *See* U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709). The district court denied the motion.

Amendment 709 was not made retroactive by the Sentencing Commission and is not a ground for reduction under § 3582(c)(2).  *United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009).  More importantly, Amendment 709, which altered the rules for calculating criminal history under the Sentencing Guidelines, has no relevance to the determination whether a defendant qualifies as an Armed Career Criminal.  *See* U.S.S.G. § 4B1.4 cmt. no. 1; *United States v. Hobbs*, 135 F.3d 384, 388 (4th Cir. 1998); *United States v. Wright*, 48 F.3d 254, 255-56 (7th Cir. 1995).  Even if the amendment had been made retroactive, it could not have benefitted Burton.

**AFFIRMED**.