# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3638

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Andre Keith Dodds, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 25, 2009
Filed: November 6, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Andre Keith Dodds was convicted by a jury of distributing more than five grams of crack cocaine. He then pleaded guilty to being a felon in possession of a firearm seized at the time of his arrest on the drug charge. The district court[1] determined that Dodds has three prior violent felony and serious drug convictions and sentenced him to 180 months in prison, the mandatory minimum sentence on the firearm count under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

_____

[1]The Honorable J. Leon Holmes, Chief Judge of the United States District Court for the Eastern District of Arkansas.

Dodds appeals, arguing that there was insufficient evidence to support the jury verdict, and that he should not have been sentenced under the ACCA. We affirm.

**1. Sufficiency of the Evidence.** At trial, confidential informant Cameron Arnold was the government's principal witness to the single drug transaction charged in the indictment. Arnold testified that, on April 19, 2004, he called Dodds and arranged to purchase crack cocaine at Dodds's home. A state investigator and an FBI agent working with Arnold then searched Arnold and his car, gave him $1250 to pay for the crack cocaine, and fitted Arnold with a recording device. Arnold went to Dodds' residence, purchased one ounce of crack cocaine, and returned to his car. The investigators, waiting outside the home, followed Arnold a short distance and then recovered approximately one ounce of crack cocaine and $370 of the buy money. Though no one else witnessed the purchase, Arnold's testimony was supported by additional evidence -- testimony by the two investigators, the crack cocaine recovered from Arnold after the purchase, tape recordings of the purchase and Arnold's earlier conversations arranging it, and Dodds's admission when he was arrested in October 2005 that the last time he sold crack cocaine "was approximately a year ago."

Dodds argues the evidence was insufficient because no reasonable jury could believe the only person who witnessed the transaction, Arnold, when his testimony was inconsistent as to the amount purchased (one ounce or one and one half ounces), the price paid ($800 or $880), and whether he returned any of the buy money to the investigators (they testified yes, $370, Arnold testified he gave it all to Dodds). The most plausible explanation for these discrepancies, Dodds suggests, is that Arnold "conned the government."

"We review the sufficiency of the evidence *de novo*, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Van, 543 F.3d 963, 964 (8th Cir. 2008). Credibility findings are "virtually

unreviewable on appeal." Id. at 965. We have "repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony." United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007), quoting United States v. Tabor, 439 F.3d 826, 829 (8th Cir. 2006) (vacated on other grounds). Here, the jury was told Arnold benefitted from his wide-ranging assistance as a confidential informant, and Arnold was thoroughly cross-examined on the inconsistencies in his testimony. The evidence was more than sufficient for a reasonable jury to credit all or a substantial portion of Arnold's testimony and to find Dodds guilty of the charged sale of crack cocaine beyond a reasonable doubt.

**2. The Sentencing Issue.** The ACCA mandates a minimum fifteen-year prison sentence for a defendant who is convicted of being a felon in possession of a firearm and who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Serious drug offenses include state law convictions for drug distribution offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii). Violent felonies include "burglary." § 924(e)(2)(B)(ii).

Dodds was convicted in 1981 of two separate generic burglaries. He was convicted in 1992 of delivering crack cocaine. Though he was sentenced to only eight years in prison for the drug distribution offense, it is undisputed that it was punishable by more than ten years in prison under state law. Thus, Dodds has three prior qualifying convictions. He argues, nonetheless, that he should not be sentenced as an armed career criminal because (i) the burglary convictions are too remote in time; (ii) his "serious drug offense" was based on a low-value transaction and was nonviolent; (iii) the firearm he unlawfully possessed was an old weapon belonging to his deceased uncle that he kept for sentimental reasons; and (iv) a 180-month sentence is excessive.

-3-

Whatever their intrinsic appeal, these are not contentions that permit a court to avoid imposing the statutory minimum sentence mandated by the ACCA. (i) Unlike provisions of the advisory Guidelines that exclude stale convictions in determining criminal history category points, see U.S.S.G. § 4A1.2(e), the ACCA places no age limitations on qualifying convictions. See U.S.S.G. § 4B1.4, comment. (n.1); United States v. McConnell, 916 F.2d 448, 450 (8th Cir. 1990) ("if Congress had envisioned a time limit, it would have incorporated it into the statute"). Thus, the 1981 burglary convictions must be counted. (ii) The definition of serious drug offense requires neither a high-value nor a violent transaction. Thus, under the categorical approach mandated for determining qualifying convictions under the ACCA, we may not look to the facts underlying Dodds's prior drug offense. See Taylor v. United States, 495 U.S. 575, 600 (1990). (iii) Similarly, we may not consider the facts underlying Dodds's conviction for being a felon in possession of a firearm in applying the ACCA. By its terms, the statute applies to "a person who violates section 922(g)" and has three prior qualifying convictions. (iv) A court may not refuse to impose a minimum sentence mandated by Congress on the ground it is excessive.

The judgment of the district court is affirmed.

_____