NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 17, 2010
Decided March 18, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-1490

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 58-1 |
| DANIEL VELASQUEZ, *Defendant-Appellant*. | John W. Darrah, *Judge* |

## O R D E R

Daniel Velasquez, a convicted felon, twice sold guns to undercover agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. As a result of these sales, Velasquez was charged with two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Velasquez pleaded guilty to the charges without a plea agreement and was sentenced to 15 years' imprisonment, the mandatory minimum given his prior felony convictions. *See* 18 U.S.C. § 924(e). Velasquez appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Velasquez did not respond to our invitation to comment on counsel's

motion, *see* CIR. R. 51(b), so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Velasquez does not want his guilty plea vacated, so counsel appropriately refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Instead, counsel evaluates whether Velasquez could challenge his statutory-minimum sentence. Counsel first considers whether Velasquez could argue that the district court erred in rejecting his contention that, despite his two prior convictions for violent felonies (armed robbery and attempted armed robbery) and one prior conviction for a serious drug offense (delivery of cocaine), he should not be sentenced as an armed career criminal because these convictions dated back to 1974, 1975, and 1993. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). But this contention would be frivolous because § 924(e) does not place a time limit on convictions that qualify for ACCA status. *United States v. Wright*, 48 F.3d 254, 255-56 (7th Cir. 1995). Counsel next asks whether Velasquez could challenge the reasonableness of his sentence, but properly concludes that such a challenge would be frivolous because Velasquez was given the lowest sentence the court was authorized to impose. *See United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009).

Counsel also examines whether Velasquez could argue that his trial counsel was ineffective. But a claim of ineffective assistance is best pressed in a collateral proceeding where the record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Harris v. United States*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.