In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-3172

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOSEPH JAY JOHNSON,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:11-cr-184-WTL-MJD — **William T. Lawrence**, *Judge*.

ARGUED FEBRUARY 20, 2014 — DECIDED FEBRUARY 26, 2014

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. When police spotted Joseph Johnson, he was toting a gun. He threw it away, but the police recovered it. A felon-in-possession prosecution ensued. Johnson has a long record, and the prosecutors charged that at least three of his convictions were for "violent felonies" as the Armed Career Criminal Act, 18 U.S.C. §924(e), defines that term. After Johnson pleaded guilty to the felon-in-possession charge, the district judge determined that John-

son's convictions for robbery, domestic battery, and resisting law enforcement all meet the Act's definition of violent felony. The judge sentenced Johnson to 180 months' imprisonment, the statutory minimum. But for Johnson's history of violent felonies, the maximum would have been 120 months.

Johnson contends that only a jury can determine whether a person's criminal history justifies an enhanced penalty, but the Supreme Court rejected that contention in *Almendarez–Torres v. United States*, 523 U.S. 224 (1998). The argument that later cases conflict with *Almendarez–Torres* is wasted on a court of appeals. Only the Justices can overrule their own decisions. Although *Alleyne v. United States*, 133 S. Ct. 2151 (2013), holds that facts increasing statutory minimum penalties must be determined by a jury (or the judge in a bench trial), if the defendant does not admit them, the Court pointedly observed that this does not alter the status of *Almendarez–Torres*. 133 S. Ct. at 2160 n.1. The fate of that decision is not in our hands, and the district judge acted properly under current law.

Johnson also contends that his 1997 conviction for resisting law enforcement is too old to count under the Act. Passage of time matters for some purposes; many old convictions are excluded from criminal history under the Sentencing Guidelines and can't be used for impeachment on cross-examination. See Fed. R. Evid. 609(b) (limit after 10 years); U.S.S.G. §4A1.2(e)(1) (limit after 15 years). But the ACCA does not contain any parallel provision disregarding older convictions. We held in *United States v. Wright*, 48 F.3d 254, 256 (7th Cir. 1995), that there is no time limit on qualifying felonies; Johnson does not give us any reason to think *Wright* mistaken.

His appeal rests primarily on a contention that domestic battery in the presence of a child, in violation of Ind. Code §35-42-2-1.3, is not a violent felony. The Supreme Court's categorical approach looks to the statute and the judgment of conviction, rather than what the defendant did in fact. See *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Taylor v. United States*, 495 U.S. 575 (1990). Indiana's domestic battery statute provides:

> (a) A person who knowingly or intentionally touches an individual who:
>
>> (1) is or was a spouse of the other person;
>>
>> (2) is or was living as if a spouse of the other person as provided in subsection (c); or
>>
>> (3) has a child in common with the other person;
>
> in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.
>
> (b) However, the offense under subsection (a) is a Class D felony if the person who committed the offense:
>
>> …
>>
>> (2) committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.

Johnson was convicted of the felony version of this offense because he committed the acts in the presence of a child under the age of 16. The prosecutor contended, and the district judge found, that the state crime is a violent felony under 18 U.S.C. §924(e)(2)(B), which reads:

the term "violent felony" means any crime punishable by im-
prisonment for a term exceeding one year … that—

> (i) has as an element the use, attempted use, or threatened
> use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explo-
> sives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another[.]

The district judge found that domestic battery satisfies the
residual clause, §924(e)(2)(B)(ii).

Much of Johnson's appellate presentation supposes that
if a prior offense does not satisfy clause (i), which depends
on the "elements" of that crime, it cannot satisfy clause (ii),
which depends on "a serious potential risk of physical injury
to another". Statutes such as Ind. Code §35-42-2-1.3 do not
meet clause (i) because rude or insolent touching does not
necessarily entail "physical force". See, e.g., *Johnson v. United
States*, 559 U.S. 133 (2010); *Leocal v. Ashcroft*, 543 U.S. 1 (2004);
*Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003). But many
crimes create risk of physical injury even though they do not
include force as an element. One example is vehicular flight
to avoid arrest, which *Sykes v. United States*, 131 S. Ct. 2267
(2011), holds is within the scope of clause (ii). That it does
not also satisfy clause (i) is neither here nor there. So too
with Ind. Code §35-42-2-1.3.

*Sykes* holds that a crime requiring intentional misconduct
satisfies the residual clause when it is as dangerous as bur-
glary. Relying on data, the Court concluded that about 3% of
burglaries end in injuries to persons other than the criminals,
while about 4% of auto chases do so. 131 S. Ct. at 2273–75.
The Court did not hold that 3% is the minimum for "serious
potential risk of physical injury" but did conclude that 3% is

enough to be a "serious" risk. By that standard, classifying Ind. Code §35-42-2-1.3 is simple, because 100% of the time injury occurs. Bodily injury is an *element* of the offense; no injury, no crime. Even a lawyer knows that 100% is greater than 3%.

True, Indiana does not require a serious injury; any bodily injury will do. But what clause (ii) requires is a "serious potential risk of physical injury", not a "potential risk of serious physical injury". When estimating injury rates in *Sykes*, the Court counted all injuries, not just serious ones. See also, e.g., *United States v. Howze*, 343 F.3d 919 (7th Cir. 2003) (estimating injury rates caused by theft from a person). And even if serious injury were essential, it would be enough if more than 3% of domestic batteries produced it. Our opinion in *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010) (en banc), collects some studies that show how injurious domestic battery can be. *Williams v. State*, 798 N.E.2d 457, 461 (Ind. App. 2003), remarks that domestic battery is treated separately from other kinds of battery precisely because of the danger to one spouse or domestic partner when the couples' life has deteriorated but social or economic circumstances, including children, lead them to live together anyway. "Firearms and domestic strife are a potentially deadly combination nationwide." *United States v. Hayes*, 555 U.S. 415, 427 (2009). Knives, bludgeons, and fists also cause grievous injuries to household partners. Domestic battery is at least as dangerous to its victims as purse snatching (*Howze*) or attempted burglary (*James v. United States*, 550 U.S. 192 (2007)) and is properly classified as "violent" under clause (ii).

AFFIRMED