NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014
Decided May 19, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2097

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-234 |
| CLEMET LEE EVANS, *Defendant-Appellant.* | C. N. Clevert, Jr., *Judge.* |

**O R D E R**

Clemet Evans[*] pleaded guilty to conspiring to distribute and possess with the intent to distribute heroin, *see* 18 U.S.C. § 2; 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 120 months' imprisonment, the statutory minimum term. *See* 21 U.S.C.

---

[*] Although Evans's first name is identified in the indictment and judgment as "Clement," he signs his name "Clemet." We will use the defendant's own spelling and correct the case caption accordingly.

§ 841(b)(1)(A)(i). Evans's appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Evans has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *United States v. Bey*, No. 13-1163, 2014 WL 1389090, at *2 (7th Cir. Apr. 10, 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Counsel informs us that Evans does not wish to challenge his guilty plea, so counsel properly forgoes discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first considers whether Evans could assert, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that he should not have received the ten-year statutory minimum term because a jury did not find the facts that resulted in that term. The Supreme Court held in *Alleyne* that any facts that determine a statutory minimum sentence must be submitted to a jury, if not admitted by the defendant. *See id.* at 2155; *United States v. Johnson*, No. 13-3172, 2014 WL 721513 at *1 (7th Cir. Feb. 26, 2014). Counsel properly concludes, however, that Evans waived his right to a determination by a trier of fact by admitting in his plea agreement and at his plea colloquy that the conspiracy involved at least the one kilogram of heroin necessary to trigger the ten-year statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(i); *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); *United States v. Collins*, 272 F.3d 984, 987–88 (7th Cir. 2001).

Counsel next considers arguing that Evans deserved a sentence below the statutory minimum because of his assistance to the government. Upon the government's motion, 18 U.S.C. § 3553(e) authorizes the district court to impose a sentence below the statutory minimum to reward a defendant's substantial assistance. But the government need not file the motion, and in this case the plea agreement provided that the government "in its discretion" may recommend a reduction in sentence if Evans substantially assisted the government in investigating or prosecuting others. At sentencing the government acknowledged Evans's "very significant information" regarding another heroin dealer, but the government pointed out that Evans's "cooperation was somewhat diminished by his addiction to crack cocaine, which would have been fodder for cross examination had [the other dealer] gone to trial" rather than pleaded guilty. Because Evans cannot make a "substantial threshold showing" that the government had a bad motive for withholding the motion, it would be frivolous to argue that the district court plainly erred by declining to lower his

sentence. *See United States v. Billings*, 546 F.3d 472, 475 (7th Cir. 2008); *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007).

Counsel also considers arguing that the district court erred by refusing to order that Evans's sentence run concurrently with a prior state sentence for maintaining a drug house. *See* U.S.S.G. § 5G1.3. The district court concluded that § 5G1.3 did not apply, adding, "[T]here is a mandatory minimum term that must be imposed in this case. And the government has not sought and the Court cannot find any basis for deviating from the mandatory minimum." Counsel considers challenging the court's apparent belief that the statutory minimum requirement barred it from imposing a concurrent sentence. *See United States v. Hernandez*, 620 F.3d 822, 823 (7th Cir. 2010). As counsel properly explains, however, any such error is immaterial. Evans finished serving his state sentence before receiving his federal sentence, so there was no state sentence with which to make his federal sentence concurrent. *See* U.S.S.G. § 5G1.3; *United States v. Cruz*, 595 F.3d 744, 745 (7th Cir. 2010).

Finally counsel considers whether Evans could argue that the district court erred by denying him credit for time served for his state offense of maintaining a drug house, *see* U.S.S.G. § 5K2.23, or otherwise challenge the reasonableness of his sentence. But counsel properly concludes that such a challenge would be frivolous. Because Evans did not receive a reduction for "substantial assistance" and was ineligible for the "safety valve" given his extensive criminal history, *see* 18 U.S.C. § 3553(e), (f), the statutory minimum was the lowest sentence he could receive. *See Cruz*, 595 F.3d at 746–47 (applying U.S.S.G. § 5K2.23); *see also United States v. Spann*, 682 F.3d 565, 566–67 (7th Cir. 2012); *United States v. Johnson*, 580 F.3d 666, 672–74 (7th Cir. 2009); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.