**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015[*]
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 14-3551 | Appeal from the United States District Court |
| RICHARD GOODWIN, *Petitioner-Appellant*, | for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 5038 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Richard Goodwin filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e). In 2003 a jury found Goodwin guilty of possessing a firearm as a felon. *See id.* § 922(g)(1). At sentencing the district court pointed to three previous felony convictions and sentenced him as a career offender to 235 months' imprisonment. *See id.* § 924(e)(1). Goodwin appealed, and we affirmed the conviction but remanded for the district court to consider only whether it would have imposed the same sentence in light of *United States v. Booker*, 543 U.S. 220

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

(2005). The district court said on remand that it would have imposed the same sentence, and we affirmed. *United States v. Goodwin*, 173 F. App'x 506 (7th Cir. 2006).

In 2013 Goodwin filed a motion under § 2255 asserting violations of his Fifth and Sixth Amendment rights when the court relied on the three prior felony convictions to sentence him as a career offender without having a jury find the fact of the convictions beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court denied his motion, concluding that under *Almendarez-Torres v. United States*, felonies that form the basis for a § 924(e)(1) sentence enhancement need not be found by a jury. 523 U.S. 224 (1998). A few days later the judge issued a certificate of appealability.

On appeal Goodwin concedes that *Almendarez-Torres* forecloses his argument, and so he seeks merely to preserve the issue for review in the Supreme Court. We have many times stated that the rule announced in *Almendarez-Torres* was not changed by *Alleyne* and remains good law. *See United States v. Long*, 748 F.3d 322, 329 (7th Cir. 2014); *United States v. Johnson*, 743 F.3d 1110, 1111 (7th Cir. 2014); *United States v. Boyce*, 742 F.3d 792, 799 (7th Cir. 2014). We are bound by *Almendarez-Torres* and leave to the Supreme Court whether to revisit that decision.

AFFIRMED.